UNITED STATES of America,
Appellee,

v.

David Allen FISH, Appellant.

No. 14293.

United States Court of Appeals,
Fourth Circuit.

Argued July 22, 1970.

Decided Oct. 5, 1970.

Edward A. Tomlinson, Baltimore, Md., (Court-appointed counsel) for appellant.

J. Frederick Motz, Asst. U. S. Atty., (Stephen H. Sachs, U. S. Atty., on the brief) for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

The defendant was convicted by a jury of a violation of the Dyer Act, 18 U.S. C.A. § 2312, and sentenced to a term of five years. He appeals, charging error in the judge's charge to the jury and contending that an exculpatory statement made by him and shown to be false was admitted into evidence in violation of his constitutional rights. We affirm.

■ The false exculpatory statement was made by Fish in his parents' home to an agent of the F.B.I., who was investigating the theft of the automobile Fish had transported from Florida to Maryland via California. He contends that the statement was inadmissible because *Miranda* warnings were not given him. The short answer is that he was not in custody; the investigation had not focused on him, and nothing in the record indicates the existence of any unusual circumstances or facts which served to deprive him of his freedom of action in any significant way at that time, several months before he was arrested. United States v. Browney, 4 Cir., 421 F.2d 48. The warnings were not required.

■ Complaint is made of a portion of the judge's charge which, viewed alone, appears equivocal. The possibility of misconstruction of the charge, however, was not called to the Court's attention, as required by Rule 30 F.R.Cr. P., and the trial judge was afforded no opportunity to clarify the matter. In

accordance with the requirement of Rule 30, there being no plain error affecting substantial rights, we decline to consider the point.

The judgment of conviction is affirmed. The mandate shall issue forthwith.

*Affirmed.*